873 F.2d 1439
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Orillion JAMES, Petitioner-Appellant,
v.
James B. TAYLOR, Warden; Mary Sue Terry, Attorney General
of Virginia, Respondents-Appellees.
 No. 88-7114.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 30, 1988.
Decided: March 30, 1989.
 
 Orillion James, appellant pro se.
 Thomas Drummond Bagwell (Office of the Attorney General of Virginia), for appellees.
 Before WIDENER, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Orillion James, a Virginia inmate, seeks a certificate of probable cause for appeal of the district court's dismissal of his petition for habeas corpus. We deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 James filed two state petitions for a writ of habeas corpus, challenging the trial court's revocation of suspension of an indeterminate sentence and imposition of an 8-year sentence.[1] The Virginia Supreme Court denied both petitions.
 
 
 3
 James then petitioned the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. Sec. 2254. In his district court petition, James alleged all of the grounds asserted in both state court petitions and added one additional ground[2] which had not been raised or exhausted in state court. The district court gave James an opportunity to amend his petition to include only the exhausted claims, but James failed to do so. The district court dismissed James's petition, and James appealed.
 
 
 4
 The United States Supreme Court held in Rose v. Lundy, 455 U.S. 509 (1982), that a district court must dismiss a petition for a writ of habeas corpus which contains both exhausted and unexhausted claims. Once the petition has been dismissed, the petitioner has the option of returning to state court to exhaust the new claims or amending and refiling his petition, asserting only the exhausted claims. Id. The district court correctly dismissed James's petition because it contained both exhausted and unexhausted claims. Therefore, we deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the dispositive issue has recently been decided authoritatively.
 
 
 5
 DISMISSED.
 
 
 
 [1]
 The three allegations raised as grounds for relief in the state habeas petition before the circuit court were: a) defective indictment; b) lack of jurisdiction; and c) ineffective assistance of counsel because of his attorney's failure to object to the imposition of the sentence
 James added three new allegations in a subsequent petition to the Virginia Supreme Court: a) a conspiracy between the judge and the prosecutor to impose a harsh sentence; b) ineffective assistance of counsel because of his attorney's participation in the conspiracy to give him a harsh sentence; and c) prejudice caused by the circuit and district courts' refusal to provide petitioner with a transcript.
 
 
 [2]
 The new ground asserted in the district court was that the trial court revoked suspension of a sentence which James had already satisfied